UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-03905-DFM | Date: | July 30, 2026 |
| Title | Tu Jia Yuan v. Markwayne Mullin et al. | | |

| | |
|---|---|
| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Petitioner: | Attorney(s) for Respondents: |
| N/A | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Denying Petitioner's Motion for Appointment of Counsel (Dkt. 10) and Requiring Respondents to Supplement the Record**

On or about July 13, 2026, Petitioner Tu Jia Yuan filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. See Dkt. 1. On July 21, 2026, Respondents filed an Answer. See Dkt. 7.[1] Petitioner's reply deadline is pending. See Dkt. 4.

Meanwhile, Petitioner has requested the appointment of counsel. See Dkt. 10. There is no constitutional right to counsel in connection with a habeas petition. See Bonin v. Vasquez, 999 F.2d 425, 429 (9th Cir. 1993) (citations omitted). The decision of whether to appoint counsel is within the Court's discretion. In deciding Petitioner's request, the Court evaluates Petitioner's likelihood of success on the merits and his ability to articulate his claims pro se considering the complexity of the legal issues involved. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Having reviewed the Petition, the Court declines to grant Petitioner's request at this time. The legal issues do not appear so complex as to prevent Petitioner from articulating his claims pro se. Additionally, Petitioner appears to face some headwinds on the merits. While Petitioner surely would be aided by counsel, "if this were the prevailing standard, pro se civil litigants would be entitled to counsel in all circumstances . . . ." Siglar v. Hopkins, 822 F. App'x 610, 612 (9th Cir. 2020) (citing Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997)).

Accordingly, it is **ORDERED** that Petitioner's motion for appointment of counsel (Dkt. 10) is **DENIED** without prejudice.

[1] Markwayne Mullin became the Secretary of the Department of Homeland Security on March 24, 2026. Under Federal Rule of Civil Procedure 25(d), he is automatically substituted for Kristi Noem in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

However, to facilitate the Court's evaluation of Petitioner's claims, the Court orders Respondents to lodge an audio recording of Petitioner's May 27, 2026 custody redetermination hearing within three (3) court days of this Order.