**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| TU JIA YUAN,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN et al.,<br><br>Respondents.[1] | Case No. 5:26-cv-03905-DFM<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION

Petitioner Tu Jia Yuan, proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). Respondents filed an Answer. See Dkt. 7 ("Answer"). On the Court's order, Respondents supplemented the record with an audio recording of Petitioner's custody redetermination hearing. See Dkts. 13-15. Petitioner has not filed a reply.

For the reasons set forth below, the Petition is **DENIED**.[2]

---

[1] Markwayne Mullin became the Secretary of the Department of Homeland Security on March 24, 2026. Under Federal Rule of Civil Procedure 25(d), he is automatically substituted for Kristi Noem in this action.

[2] Petitioner's Motion to Reconsider Appointment of Counsel (Dkt. 16) is DENIED.

## II. BACKGROUND

Petitioner is a native and citizen of Taiwan who entered the United States on August 8, 2023. See Answer at 2. Petitioner overstayed his visa and failed to depart by November 6, 2023. See id. Petitioner is married to a U.S. citizen, who has filed a Form I-130 Petition for Alien Relative on Petitioner's behalf. See Petition at 7.

Petitioner was taken into immigration custody on March 4, 2025. See Answer at 2. Respondents state that Petitioner was arrested in a targeted enforcement operation. See id. Respondents tell the Court that U.S. Immigration and Customs Enforcement's Foreign Fugitive Unit received a referral from Homeland Security Investigations identifying Petitioner as the subject of a 2024 arrest warrant issued in Taiwan for the offense of sexual assault. See id.

On or about April 9, 2026, Petitioner filed a pro se petition for writ of habeas corpus in a prior action. See Yuan v. Noem, No. 26-1790-AB-DFM, Dkt. 1. On May 20, 2026, the District Judge entered Judgment, ordering Respondents to release Petitioner on reasonable conditions of supervision unless the Government showed by clear and convincing evidence that Petitioner's continued detention is justified based on his danger to the community or risk of flight at a custody redetermination hearing to be held before an immigration judge ("IJ") within seven (7) days. See id., Dkt. 20.

Petitioner received a bond hearing on May 27, 2026; the IJ denied bond, finding that the government "met its burden to establish by clear and convincing evidence that [Petitioner's] release would pose a danger to the community and such a significant flight risk that no amount of bond and/or alternatives to detention would be appropriate." Dkt. 7-1 (Bond Order).

Meanwhile, on May 5, 2026, an IJ ordered Petitioner removed; Petitioner's appeal to the Board of Immigration Appeals ("BIA") is pending.

See Answer at 2; https://acis.eoir.justice.gov/en/ (search A-Number: "240-085-010," Nationality: "Taiwan") (last accessed August 18, 2026). Petitioner remains detained at the Adelanto ICE Processing Center. See https://locator.ice.gov/odls/#/search (search First Name: "Jia Yuan," Last Name: "Tu," Country of Birth: "Taiwan") (last accessed August 18, 2026).

In the instant Petition, Petitioner asserts four claims: (1) his prolonged detention exceeding six months requires additional process; (2) his detention is unlawful under the Fifth Amendment Due Process Clause and Zadvydas v. Davis, 533 U.S. 678 (2001), because there is no good reason to believe that he will be deported in the reasonably foreseeable future; (3) Petitioner has been denied a timely, meaningful opportunity to demonstrate that he should not be detained as required by the Due Process Clause; and (4) government detention violates the Due Process Clause unless the detention is ordered in a criminal proceeding with adequate procedural protection. See Petition at 6-7.

In their Answer, Respondents argue that Petitioner received a legally adequate bond hearing; the IJ did not abuse his discretion in finding Petitioner to be a flight risk and danger; and to the extent Petitioner is dissatisfied with the Bond Order, he must exhaust administrative remedies and first appeal to the BIA. See Answer at 3-8. Respondents further argue that Petitioner's Zadvydas claim fails because there is no final order of removal. See id. at 8-9. Petitioner has not filed a reply.

## III. DISCUSSION

A federal court may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas jurisdiction extends to noncitizens challenging the lawfulness of their immigration detention. See Zadvydas, 533 U.S. at 687-88; Trinidad y Garcia v. Thomas, 683 F.3d 952, 956 (9th Cir. 2012) (en banc).

## A. Petitioner's Detention Is Governed By § 1226(a), Not § 1231

The Immigration and Nationality Act's detention framework divides at the point a removal order becomes "administratively final." Detention before that point is governed by 8 U.S.C. §§ 1225 and 1226; detention thereafter is governed by § 1231. See Johnson v. Guzman Chavez, 594 U.S. 523, 533-34 (2021). A removal order becomes "administratively final" only "once the BIA has reviewed the order (or the time for seeking the BIA's review has expired)." Id. at 534; see also 8 C.F.R. § 1241.1.

Petitioner's removal proceedings are ongoing; he does not have a final order of removal. See Answer at 2; https://acis.eoir.justice.gov/en/ (search A-Number: "240-085-010," Nationality: "Taiwan") (last accessed August 18, 2026). Because no administratively final order of removal has issued—Petitioner's appeal remains pending before the BIA—his detention is governed by § 1226(a), not § 1231. See Answer at 2, 8; see also Avilez v. Garland, 69 F.4th 525, 530-31, 535-36 (9th Cir. 2023) (holding that § 1226 governs detention during both the administrative and judicial phases of removal proceedings and that § 1231 does not apply until after the proceedings conclude).

As such, Petitioner's reliance on Zadvydas is misplaced, as that case addresses post-final-order detention under § 1231(a)(6) and does not govern Petitioner's pre-final-order detention. See Avilez, 69 F.4th at 536; Prieto-Romero v. Clark, 534 F.3d 1053 (9th Cir. 2008). Furthermore, nothing in the record suggests that removal pursuant to Petitioner's removal order would not be reasonably foreseeable upon completion of administrative and judicial review. See Prieto-Romero, 534 F.3d at 1063 (concluding that petitioner's removal foreseeable where government "stands ready" to remove him upon completion of judicial review).

### B. Petitioner Has Not Exhausted His Bond Challenge

Petitioner challenges the IJ's denial of bond. See Petition at 6 (arguing that Petitioner has been denied the timely and meaningful opportunity to demonstrate that he should not be detained). To the extent Petitioner claims the IJ wrongly denied him release on bond, Petitioner's arguments must be presented to the agency before he may raise them in habeas.

"When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011). A non-citizen must ordinarily exhaust by appealing the IJ's bond determination to the BIA before seeking review in district court. See id.

Here, there is no indication that Petitioner timely appealed the IJ's bond denial to the BIA. See Answer at 4-8. Nor has Petitioner demonstrated why exhaustion should be waived. Because Petitioner has neither exhausted his administrative remedies nor shown that exhaustion should be excused, the Petition is subject to dismissal without prejudice. See Leonardo, 646 F.3d at 1160.

### C. The Record Does Not Indicate a Due Process Violation

Even if the Court were to waive exhaustion, Petitioner does not appear entitled to habeas relief on this record. Petitioner argues that he is entitled to additional process after six months of detention and that Government detention violates the Due Process Clause unless detention is ordered in a criminal proceeding with adequate procedural protection. See Petition at 6-7.

The Fifth Amendment Due Process Clause protects "all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent," and "[f]reedom from imprisonment—

from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" the Clause protects. Zadvydas, 533 U.S. at 690, 693.

To determine what procedures are constitutionally required, the Court applies the three-part test set forth in Mathews v. Eldridge, 424 U.S. 319, 335 (1976), which weighs: (1) the private interest at stake; (2) the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards; and (3) the Government's interest. Mathews is "a flexible test that can and must account for the heightened governmental interest in the immigration detention context." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022).

In Rodriguez Diaz, the Ninth Circuit applied Mathews and held that "§ 1226(a)'s procedures satisfy due process, both facially and as applied to [the petitioner]," and that the Due Process Clause does not require a second bond hearing with a shifted burden of proof. See id. at 1203, 1210-13. Measured against that framework, Petitioner's claims fail.

**The private interest**. Petitioner's interest in freedom from detention is substantial. But the Court may not "simply count [the] months of detention and leave it at that"; it must also consider "the process he received during this time" and "the further process that was available to him." Id. at 1208. As discussed above, Petitioner received a custody redetermination hearing in May of this year at which an IJ found that the Government met its burden to establish by clear and convincing evidence that Petitioner's release would pose a danger to the community and such a significant flight risk that no amount of bond and/or alternatives to detention would be appropriate. Petitioner could have appealed that order to the BIA. After appealing to the BIA or demonstrating why exhaustion should be excused, Petitioner could have filed a habeas petition challenging any errors of law or reviewable mixed questions of law and fact in his bond proceedings. See Martinez v. Clark, 124 F.4th 775

(9th Cir. 2022); Leonardo, 646 F.3d at 1160-61; Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004). Additionally, as a § 1226(a) detainee, see Answer at 8, Petitioner remains entitled to an additional bond hearing upon a showing of materially changed circumstances, see 8 C.F.R. § 1003.19(e). In sum, Petitioner has not been "without process." Rodriguez Diaz, 53 F.4th at 1207.

**The risk of erroneous deprivation**. At the custody redetermination hearing, the government bore the burden of proof by clear and convincing evidence (as ordered by this Court). Petitioner had the right to appeal the IJ's denial of bond to the BIA. Petitioner also remains entitled to an additional bond hearing upon a showing of materially changed circumstances. See 8 C.F.R. § 1003.19(e). An order from this Court directing a bond hearing would add nothing that the immigration court has not already offered, so the "probable value" of that additional safeguard is minimal. See Mathews, 424 U.S. at 335; see also Aguilar v. Semaia, No. 26-0023, 2026 WL 166906, at *4-5 (C.D. Cal. Jan. 16, 2026) (deciding that available and received post-detention process defeated Mathews claim).

**The government's interest**. The government's interest is significant. In conducting the Mathews analysis, courts "must weigh heavily in the balance that control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature," and the government "clearly has a strong interest in preventing aliens from 'remain[ing] in the United States in violation of our law.'" Rodriguez Diaz, 53 F.4th at 1208 (citations omitted).

Nor does the length of Petitioner's detention independently entitle him to relief. "[D]uration alone" cannot sustain a due process challenge by a detainee who has been afforded the process the governing framework contemplates. Id. at 1212 (quoting Borbot v. Warden Hudson Cnty. Corr. Facility, 906 F.3d 274, 277 (3d Cir. 2018)); see Prieto-Romero, 534 F.3d at

1063 (three-year detention under § 1226(a) not constitutionally indefinite). The Ninth Circuit has not foreclosed as-applied challenges to truly prolonged detention, see Rodriguez Diaz, 53 F.4th at 1213-14, but this does not appear to be such a case, especially where further process remains available to Petitioner.

As to Petitioner's substantive due process claim, detention pending removal proceedings serves the recognized regulatory purposes of ensuring appearance and protecting the community, and detention during removal proceedings is a constitutionally permissible part of that process. See Zadvydas, 533 U.S. at 690-91; Demore v. Kim, 538 U.S. 510, 528, 531 (2003). As stated, to the extent Petitioner intends to challenge the IJ's determinations regarding danger and/or flight risk, Petitioner has not exhausted his administrative remedies. On this record, there is no basis to conclude that Petitioner's detention is arbitrary or punitive rather than incident to pending removal proceedings.

## IV. ORDER

The Petition is **DENIED** without prejudice.

Date: August 20, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge